UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARL E. McDONALD, JR., )
)
        Plaintiff, )
)
   v. ) No. 4:07-CV-215-FRB
)
ALAN BLAKE, et al., )
)
        Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Carl E. McDonald, Jr. for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks declaratory and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are MSOTC employees Alan Blake, Margaret Chessey, Rebecca Janine Semar, Jean Bress-Scroggins, Sandra Heberlie, and Gloria Robinson.

Plaintiff alleges that he is being denied access to the courts, because the MSOTC residential library does not "contain a law dictionary of legal terms" or any "publications of state or federal court reporters." Plaintiff's allegations do not state an access-to-the-courts claim, because he does not allege that he

2

suffered actual prejudice to a non-frivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access-to-courts requires showing that inmate had a non-frivolous legal claim actually impeded or frustrated); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991); Grady v. Wilken, 735 F.2d 303, 306 (8th Cir. 1984).

Plaintiff also alleges that (1) the "MSOTC residential library doesn't contain books by these authors: A. Stephen King; B. Anne Rice; C. Dean Koontz; D. Laurell K. Hamilton; [and] E. Patricia Cornwell"; (2) MSOTC "practices the restricting of residential viewing or possession of . . . movies rated R or higher . . . video games rated T or higher . . . ward television cable program movies rated R or higher"; (3) MSOTC does not allow "adult magazines such as Playboy [and] Penthouse"; (4) MSOTC "practices the opening and censoring of incoming personal residential mail and/or packages," and "MSOTC staff currently possess three letters mailed to [him] due to being censored . . . due to sexual content"; (5) MSOTC does not allow "posters of scantily clad females"; and (6) MSOTC does not allow "personal photographs of females exposing too much flesh."

Having carefully reviewed plaintiff's allegations, the Court concludes that his claims are legally frivolous. MSOTC is not a named defendant in this case, and in any event, is not a suable entity under § 1983. Cf. Lair v. Norris, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); Alsbrook v. City of Maumelle, 184

F.3d 999, 1010 (8th Cir. 1999)(en banc)(§ 1983 suit cannot be brought against state agency), cert. dismissed, 529 U.S. 1001 (2000); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit). Moreover, the MSOTC library is not constitutionally obligated to purchase books by the authors listed above. Furthermore, plaintiff does not allege, nor does the Court find any indication, that the decision to deny him access to sexually-explicit and/or violent materials, as referenced above, could constitute such a substantial departure from accepted professional judgment as to demonstrate that the decision was not based on such a judgment. See Youngberg v. Romeo, 457 U.S. 307, 323 (1982); cf. Strutton v. Blake, 2006 WL 335717 (E.D. Mo. 2006)(decision to deny plaintiffs access to internet was not substantial departure from accepted professional judgment where MSOTC professional treatment teams opined that plaintiffs should not be allowed internet access because it would allow them to access sexual and/or violent material). Regarding plaintiff's claim that MSOTC opens incoming personal mail, the Court notes that the allegation is not directed against any of the named defendants. In addition, the Eighth Circuit Court of Appeals has addressed issues similar to plaintiff's claim challenging MSOTC's mail policy. In Harrod v. Halford, 773 F.2d 234, 235 (8th Cir. 1985), the Court held that "[j]ailers are not required to take the extra time and effort to open mail in the inmate's presence when the mail is not confidential." For these reasons, the Court

concludes that the MSOTC alleged opening of incoming personal mail does not violate a resident's constitutional rights.

Plaintiff further alleges that "MSOTC staff may arbitrarily impose censorship upon" television viewing, personal writings and drawings, mail and correspondence, newspapers, library materials, and personal books and magazines. He also claims that "[m]any of the magazines in the MSOTC residential library have had print portions cut completely out or complete pages torn out of them due to content," and that "library books and magazines have had portions blacked out with black magic marker." Plaintiff's claims are overly-broad, vague, and conclusory, and he does not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the violation of his constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In addition, plaintiff generally asserts that (1) he "has not received a 'care' package in the entire time that he has been a resident"; (2) "[t]here are no residents at MSOTC under [the] age

5

of 21 or minors"; (3) MSOTC "has promulgated the use of a 'Residential Handbook" and ambiguously defines pornography as well as rule violations"; (4) MSOTC does not allow calendars; and (5) MSOTC "does not practice or utilize a censorship review committee or procedures." Plaintiff's claims do not rise to the level of constitutional violations and fail to state a claim or cause of action under § 1983. As such, they will be dismissed as legally frivolous.

Last, plaintiff asserts numerous claims on behalf of "other" MSOTC residents, including their limited ability to "only order personal 'use' items from 'Access' mail order catalog[s]," their inability to purchase mail order items while "on A/1," their restricted ability to receive care packages and to possess personal items, and their obligation to "follow promulgated activities schedules of daily available activities." These claims will be dismissed as legally frivolous, because plaintiff lacks standing to assert claims on behalf of other MSOTC residents. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (requirements for standing). In addition, the aforementioned requirements do not rise to the level of constitutional violations.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 5th day of April, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE